United States District Court
Southern District of Texas
**ENTERED**
October 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA ARRIAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04611 |
| | § | |
| AMERICAN REALTY INVESTORS I, LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court are the following documents concerning the dispute between the plaintiff, Lisa Arriaga and the defendant, American Realty Investments, LP: (a) the defendant's motion to compel arbitration and stay judicial proceedings [DE 9]; (b) the plaintiff's opposition to the defendant's motion to compel arbitration [DE 10]; the defendant's reply [DE 13]; and, the plaintiff's objections to the defendant's reply [DE 15]. The Court, after a careful review of the documents, attachments and the plaintiff's pleadings determines that the defendant's motion is meritorious and should be granted.

**II.**

The dispute raised in these documents concerns whether an arbitration agreement exists between the parties that binds the parties to resolve an employment termination dispute by arbitration. On or about December 11, 2023, the plaintiff filed a lawsuit, alleging employment discrimination against the defendant which lawsuit was removed to federal court.

In her Amended Petition, the plaintiff alleges that she suffered a disabling, life altering, stroke and was placed on FMLA leave from November 2021 through March 8, 2022, when she

failed to return to work and was terminated.  She asserts claims for disability retaliation, disability discrimination, FMLA interference and FMLA retaliation.  She also asserts that she sought a reasonable accommodation but was refused and was not allowed to return to work.  The plaintiff then filed an EEOC charge and has since received a "Notice of Right to Sue".

### III.

It appears to be undisputed that when the plaintiff sought employment with the plaintiff, the onboarding process was handled by Professional Employer Organization ("PEO").  By the defendant's account, PEO is a statutory co-employer of the plaintiff that provides the on-boarding services necessary to complete processing a new employee such as the plaintiff.  It provides employment services such as payroll and benefits administration and some human resources consulting, as part of the co-employer relationship between the defendant and PEO.

The defendant references the Texas Labor Code § 91.001(a), as support for its co-employer status.  This status and the services provided are not disputed by the plaintiff.  However, the plaintiff disputes the use and propriety of the exhibits supplied by the defendant in support of the defendant's claim for arbitration.  *See* [Exhibits B and C].  The Solution Plan, as it is called, specifically addresses claims asserted by an employee based on "Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, American with Disabilities Act §§ 1981-1985. Fair Labor Standards Act [and] Family & Medical Leave Act . . .".  Hence, it is the Solution Plan adopted by and between the defendant and PEO that the plaintiff contends was not part of her onboarding process.

### IV.

The plaintiff's contention that the defendants' exhibits should be struck because they have not been authenticated and, therefore, invalidated.  The defendant asserts that the plaintiff accepted

2 / 3

and electronically signed the Employment Agreement when she came on board on August 16, 2017.   Hence, she electronically signed the relevant documents.   The plaintiff's response disregards the fact that the contract between the defendant and its co-employer existed prior to plaintiff's employment.   The Court concludes that the plaintiff, in fact, agreed to resolve her dispute(s) with the defendant through the adopted and incorporated Solution Plan which the plaintiff accepted by her electronic signature.   This same Plan was noticed to all employees.

It is, therefore, ORDERED that the Case is STAYED and further ORDERED that the parties submit the matter to arbitration.

It is so ORDERED.

SIGNED on October 10, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge